## FLUKER vs. TURNER.

APPEAL from the court of the third district.

MATHEWS, J., delivered the opinion of the court. This suit is brought on a promissory note made by the defendant to the plaintiff, which appears to contain double, or alternative stipulations. As the peculiarity of its expressions, creates the whole difficulty in deciding the cause, it may not be improper to state them at length. They are as follows:

An obligation to A., which B. the obligor promises to settle with C., is not discharged by showing, in a suit by A. against B., that C. is indebted to the latter.

"Jackson, 17th October, 1821. I promise to pay David Fluker five hundred dollars, value received, on settlement of accounts; which I will settle with the representatives of Joseph Fletcher, deceased, at any time.

(Signed) J. TURNER."

The present suit was commenced on the 22d of April, 1825, and final judgment rendered in January, 1826, on a verdict in favor

East'n District.
*June,* 1826.

FLUKER
*vs.*
TURNER.

of the defendant, from which the plaintiff appealed.

The answer to the action contains two grounds of defence :

1. To the plaintiff's right to sue; which is denied by the defendant, alleging that the note, taken entire, contains no promise to the former, but is simply an undertaking to pay for him, to Fletcher's representatives, the amount specified, which the defendant states he has always been ready to do if required.

2. That he still is ready to settle with the representatives of Fletcher, who owe him more than the sum promised in said note, which is thereby compensated.

The instrument on which this suit is based, acknowledges a debt due from the defendant to the plaintiff, and contains a promise to pay the amount to the latter, by settling it with other persons, to whom he appears, from the evidence of the case, to have been at that time indebted. It contains two stipulations : first, to pay the sum therein mentioned to the promisee; second, to pay or settle the amount with Fletcher's representatives. The obligation arising out of the first of these stipula-

tions might fairly have been dissolved by a fulfilment of the latter, and those to whom the promissor bound himself to settle, might, in a reasonable time, have legally claimed the benefit of the stipulation made in their favor. They however seem never to have accepted or claimed the benefit of that stipulation ; nor does it appear that the defendant did, in the course of nearly four years, ever attempt to make with them any settlement which would discharge the plaintiff from his obligation to pay to them, as their debtor, the sum specified in the promise of the former.

The question most difficult of solution in the cause is that created by the part of the answer which insists, that before any right of action accrues to the appellant, he ought to have required the appellee to comply with his promise, made in favor of the third persons ; and that until such requisition on him he is not in delay, (*mora*.)

The promise being made in writing, and delivered to Fluker (probably out of the presence and not within the knowledge of Fletcher's representatives) for whose benefit it contained a stipulation, it is contended that until they have an opportunity afforded them

of accepting or rejecting said stipulation, by being informed of its existence, the obligation to pay the plaintiff is dormant, and can only be awakened by a rejection of the benefit promised to the third persons. We are however of opinion that the primary and substantial obligation is, to pay a debt acknowledged to be due to the appellant, and that the promise to settle with others is only a privilege granted to the promissor, as to the manner in which such payment might have been made. There is no expression in the instrument which seems to require that the defendant should have been quickened in his undertaking, to pay or settle with the representatives of Fletcher, by any request of the plaintiff to that effect. It is true the time within which he bound himself to make the settlement was left indefinite, but to give effect to the obligation, it ought to be limited to a *reasonable* time ; and three and a half years were certainly abundant ; which space elapsed between the period at which the note was made, and the inception of this suit.

The record is burthened with much irrelevant testimony, and as usual labors under many bills of exceptions, most of which we deem it unnecessary to examine, as the judge

*a quo* seems to have admitted all the testimony offered on both sides, whether pertinent or impertinent; especially as the latter kind is such as could not possibly have had any influence on the decision of the cause. One only is thought worthy of notice, which relates to the competency of the witness M'Mikin; wherein we are of opinion that the district judge did not err.

The attempt of the defendant to discharge himself from the obligation to pay the plaintiff, by proof that the persons, with whom he agreed to settle, are indebted to him more than the amount which he promised to pay them, cannot legally succeed. If they had sued him on the promise made in their favor, a plea of compensation and proof of the debt pleaded, would have operated a discharge of his obligation to them, and consequently to the present plaintiff. But he cannot absolve himself from the obligation, arising out of his promise to the latter, by offering as a set off debts which may be owing him from persons who are not parties to the present action. To admit such a defence would be to decide on rights without hearing the parties really interested in them; and if allowed, could not avail the plaintiff after being defeated in this suit, in

FLUKER
vs.
TURNER.

one instituted against him by these third persons as his creditors. A settlement and payment, in terms of the note, to the representatives of Fletcher, is the only thing which ought to exonerate the defendant from payment to Fletcher. If such he has made, it should have been proven on the trial of the cause in the court below. If it has not been made, Fletcher's representatives are liable to him for the amount, if they be really his debtors; and the plaintiff still remains their debtor to the same extent that he was when the note in question was made. There is no proof of such settlement and payment on the record, and consequently we are of opinion that the defence has failed, and that the plaintiff has made out his case.

It is therefore ordered, adjudged, and decreed, that the judgment of the district court be avoided, annulled, and reversed; and it is further ordered, adjudged, and decreed, that the plaintiff and appellant do recover from the defendant and appellee $500, with legal interest from the judicial demand, and costs in both courts.